WALTER REED MISCH, *p. a. vs.* T. REED MONTGOMERY.
WALTER P. MISCH *vs.* SAME.

July 21, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These two cases are companion actions to the two which were brought by the same persons, a father and his minor son, as plaintiffs against the minor son of the defendant in the instant cases. All four actions were brought to recover damages for injuries to an eye of the minor plaintiff, which are alleged to have been caused by a missile propelled by the minor defendant with a slingshot.

In each of the instant cases the plaintiff seeks to hold the defendant liable on the ground that he knew, or should have known by the exercise of reasonable care, that his said son had in his possession a dangerous weapon, a slingshot, and that the defendant negligently permitted the son to continue in possession of it and to use it, with the result that the son did use it against the minor plaintiff, and thereby caused the injury to the eye of the minor plaintiff for which damages are sought.

The four cases were tried together before a justice of the superior court sitting without a jury. He rendered decisions for the plaintiffs in the other cases, which later came before us on bills of exceptions by the defendant, which were disposed of by us in an opinion reported in 61 R. I. 345.

In the instant cases the trial justice rendered decisions for the defendant on the ground that the plaintiffs had failed to

show, by a fair preponderance of the evidence, any of the negligence on the part of the defendant with which the plaintiffs had charged him. These cases are now before us on bills of exceptions by the plaintiffs, the only exception in each being to the decision for the defendant.

We have examined and considered the pertinent evidence and are of the opinion that we cannot properly find that the trial justice was clearly wrong in his findings as to the preponderance of the evidence in these cases. We therefore must sustain his decisions.

In each of these cases the plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*T. Dexter Clarke, George Paul Slade, Greenough, Lyman & Cross,* for plaintiff.

*Andrew P. Quinn, Alan P. Cusick, 2d,* for defendant.